Filed 10/9/15  P. v. Moore CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>VICTOR LAMAR MOORE,<br><br>    Defendant and Appellant. | D067213<br><br><br>(Super. Ct. No. SCD253250,<br> SCD255670) |

APPEAL from a judgment of the Superior Court of San Diego County,

Timothy R. Walsh and Kathleen M. Lewis, Judges.  Affirmed.

Denise M. Rudasill, under appointment by the Court of Appeal, for Defendant and

Appellant.

No appearance by Plaintiff and Respondent.

In this case Victor Lamar Moore entered guilty pleas in two different cases to

eight counts of robbery (Pen. Code,[1] § 211) and two counts of attempted robbery

(§§ 664, 211).  The plea was motivated by the trial court's indication it would consider

limiting the sentence to nine years for both cases.

---

1    All further statutory references are to the Penal Code unless otherwise specified.

Moore was sentenced to the indicated term of nine years in prison for both cases. Moore filed a timely notice of appeal but did not request a certificate of probable cause (§ 1237.5).

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating she has not been able to identify any reasonably arguable issue for reversal on appeal. Counsel asks this court to review the record for error as mandated by *Wende*. We offered Moore the opportunity to file his own brief on appeal. He has responded with a one paragraph document, which we will discuss below.

STATEMENT OF FACTS

Since this appeal arises from a guilty plea, without a certificate of probable cause, we will only briefly summarize the various counts.

Case No. SCD253250

Count 1: On January 4, 2014, Moore approached a U.S. Bank teller at an Albertson's market. Moore demanded $10,000. The teller gave him $800 including bait money. Moore was arrested a short time later and the teller identified him as the robber.

Count 2: On January 3, 2014, Moore approached a U.S. Bank teller in a Vons market. He demanded $10,000. Ultimately he left without any money.

Case No. SCD255670

Count 1: On December 6, 2013 Moore entered a Citibank branch in Solana Beach. Moore demanded $10,000, but left with $2,584.

Count 2: On November 8, 2013, Moore entered a San Diego County Credit Union branch. He presented the teller with a note that stated "10K and I have a gun." Moore left with $2,821.

2

Count 3:  On October 25, 2013, Moore entered a Comerica Bank.  He presented the teller with a note that said, "Stay calm.  I have a gun."  Moore obtained $1,222.

Count 4:  On May 21, 2013, Moore approached a U.S. Bank teller and presented a note, "Stay calm.  I need $5,000.  I have a gun."  Moore obtained $5,000.

Count 5:  This robbery was of a Comerica Bank in San Diego on March 26, 2013.  Moore presented the teller with a note that stated "I need $6,000 cash.  I have a gun."  He left with $1,968.

Count 6:  On March 11, 2013, Moore entered a U.S. Bank branch in San Ysidro.  He presented a note that he wanted $6,000 in 100 dollar bills.  He showed a pouch that looked like it contained a gun.  Moore left without obtaining any money.

Count 7:  This robbery took place at a U.S. Bank branch on September 21, 2012.  Moore presented a note, "I have a gun.  Go to the vault and get $5,000."  The teller did so and Moore left with $5,000.

Count 8:  On August 24, 2012, Moore entered a Wells Fargo bank inside a Ralphs market.  This time his note said "I need all of the money.  I have a gun."  Moore left with $477.

## DISCUSSION

As we have noted, appellate counsel has been unable to identify any reasonably arguable issue for reversal on appeal and has filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436.  Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*) counsel has identified the following possible, but not reasonably arguable issue:

3

Whether Moore's guilty plea was invalid because the court failed to orally advise him of the limitation on custody credits, which limitation was set forth in the change of plea form that Moore signed and initialed.

Moore has filed a very brief document on his own behalf. In that document Moore offers to file a certificate of probable cause if the court would like him to do so. He also indicates his sentence was too high because the prosecutor unduly emphasized his threats to tellers in the prosecutor's sentencing statement. Moore indicates he would prefer a seven-year sentence.

Moore's additional document does not identify any reasonably arguable issue for reversal on appeal. Indeed our review of the entire record pursuant to *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738, has not identified any reasonably arguable issue for reversal on appeal. Competent counsel has represented Moore on this appeal.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

IRION, J.

PRAGER, J.*

---

*      Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4